**E-FILED**
Friday, 21 July, 2006  03:48:00 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES  DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | | |
|---|---|---|
| JACK W. PETERSON, JR., individually and as Trustee, DONALD NELSON, individually and as Trustee; and CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | ) ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No.  06-2072 |
| JOHN T. PETRY, Trustee, EDWARD J. HYNDS, JR., Trustee, BRUCE E. SEMLOW, Trustee, and CHRIST BUTLER, Trustee, | ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In April 2006, Plaintiffs, Jack Peterson and Donald Nelson, in their individual capacities and as trustees of the Construction Industry Welfare Fund of Central Illinois (hereinafter "CIWF"), filed a Complaint for Declaratory Judgment and Injunctive Relief (#1) against Defendants, John Petry, Edward Hynds, Bruce Semlow, and Chris Butler, in their capacities as trustees of CIWF.  The complaint alleges that Defendants violated the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1001 *et seq.*), the Labor Management Relations Act of 1947 (hereinafter "LMRA") (29 U.S.C. § 186 *et seq.*), and state law.  In May 2006, Plaintiffs filed a First Amended Complaint for Declaratory Judgment and Injunctive Relief (#8).  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In May 2006, Defendants filed Defendants' Motion To Dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (#11).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief **(#11)** be **GRANTED** in part and **DENIED** in part.

## I. Background

The following background is taken from the amended complaint.  CIWF (also called "the Plan" or "the Fund") is a benefit plan established in 1974 and administered pursuant to ERISA and LMRA.  CIWF is a multi-employer and multi-trade fund whose trades are represented by various construction unions.  Its purpose is to acquire and maintain group life, accident, and health insurance.  The CIWF is governed by the Trust Agreement for the Construction Industry Welfare Fund (hereinafter "Trust Agreement") (#1, Trust Agreement).  A six-person Board of Trustees administers the CIWF pursuant to the terms of the Trust Agreement.  The board consists of three employer-appointed trustees and three union-appointed trustees.  Plaintiffs and Defendants were Trustees at relevant times until at least May 1, 2006, the effective date of Amendment No. 3.  Plaintiffs Peterson and Nelson were Union Trustees appointed by two Locals of the United Brotherhood of Carpenters and Joiners of America (hereinafter "Carpenters Union").  Defendants were the remaining trustees on the Board.  In their prayer for relief, Plaintiffs ask to be reinstated as Trustees; however, based on the complaint, it is unclear whether Plaintiffs were removed from their positions (and if so, when) or what their current status as Trustees is.

The Trust Agreement provides, in pertinent part, as follows:

4. <u>Trustees</u>.  The term 'Trustees' shall mean the trustees named in this Trust Agreement and their successors.
. . . .
21.  . . .  The Trustees shall serve until their successors shall be selected and duly qualified.
. . . .
33.  Any Union Trustee may be removed from office at any time by a resolution duly adopted at a regular or special meeting of the Executive Board of the Union.  Notice of said removal shall be given to all Trustees by delivering to them a certified copy of said resolution.
. . . .
54.  This Trust Agreement and Declaration of Trust may be amended at any time or from time to time by a majority vote of the Trustees, except that no amendment shall divert the [CIWF] as then constituted, or any part thereof, to a purpose other than that set forth in Paragraph 12 of this Trust Agreement and declaration of Trust, nor shall there be any amendment as a result of which there would not be an equal number of Employer Trustees and Unions Trustees, or which will change

the method of voting from which is now set forth in Paragraphs 36, 39 and 41, or which will be in contravention of or inconsistent with a then existing collective bargaining agreement between the parties hereto.

(Trust Agreement, ¶¶ 4, 21, 33, 54.)

In 1990, Paragraph 35 of the Trust Agreement was amended to read as follows:

35.  In the event any Union Trustee shall die, become incapable of acting hereunder, resign or be removed, or refuse to act hereunder, a successor Union Trustee shall be appointed immediately by the Union . . . .  If the Union shall refuse, decline, or fail to appoint a successor Union Trustee within thirty (30) days after the Union Trustee has died, resigned, been removed, refused to act or otherwise ceased to act hereunder, then the Trustees shall authorize a Union, as defined herein, and which is not then responsible for the appointment of any Union Trustees hereunder, to appoint a successor Union Trustee, which said Trustee shall be appointed immediately by said Union.  Thereafter, said Union shall be responsible for the appointment of any successor Union Trustee to the Union Trustee so appointed until such time as said Union shall decline, refuse or fail to appoint a successor Union Trustee in accordance with this paragraph in which case the Trustees shall once again authorize a Union, as defined herein, to appoint said successor Union Trustee in accordance with the provisions of this paragraph.

(Trust Agreement, Amendment No. 1.)  As a result of this amendment, the Mid-Central Illinois Regional Council of the United Brotherhood Carpenters and Joiners of America (hereinafter "Carpenters Regional Council") appointed a second successor Union Trustee to the Fund.

Plaintiffs allege that, pursuant to the Bylaws and Working Rules of the Carpenters Regional Council, the Secretary-Treasurer of the Carpenters Regional Council has the power to appoint and remove Carpenter Union Trustees on behalf of its unions for all negotiated Employer/Union Trust Funds.  Plaintiffs also allege that the Trustees do not have authority to appoint or remove trustees.

Prior to March 2006, the three Union Trustees were appointed by Local 44 and by Local 347 of the United Brotherhood of Carpenters and Joiners of America, and by Local 143 of the Operative Plasterers' and Cement Masons' International Association.

In March 2006, the CIWF Board of Trustees voted four to two in favor of a Resolution amending the Trust Agreement to add the terms of Amendment No. 3 (hereinafter "the Amendment").  The document titled Amendment No. 3 to the Trust Agreement of the Construction Industry Welfare Fund of Central Illinois (hereinafter "Amendment Document") stated that the Trustees had adopted a resolution to remove the authority to appoint Union Trustees from Local 44 and Local 347 of the United Brotherhood of Carpenters and Joiners of America.  The Amendment Document also stated that it granted authority to appoint Union Trustees to the Bricklayers, Stone Masons, Marble Masons, Tile Layers and Terrazzo Workers Local #8 and the International Brotherhood of Painters and Allied Trades Local #363.  The Amendment Document states in pertinent part as follows:

> WHEREAS, the Trustees at their meeting of March 29, 2006, adopted a Resolution to remove the right of the United Brotherhood of Carpenters and Joiners of America, Local Union #44, and the United Brotherhood of Carpenters and Joiners of America, Local #347 to appoint Union Trustees and granted authority to the Bricklayers, Stone Masons, Marble Masons, Tile Layers and Terrazzo Workers Local #8 – chapter 17, and the International Brotherhood of Painters and Allied Trades – Local #363, to each appoint one Union Trustee; . . . .

> . . . .

> NOW, THEREFORE, the following Resolution be and is hereby adopted:
> RESOLVED:  That effective at 12:00 a.m. on May 1, 2006, the Trust Agreement

dated April 1, 1987 be and is hereby amended . . . .

(#1, Amendment Document, pp. 1-2.)

The Amendment itself, now Paragraph 30(a) of the Trust Agreement, states, in pertinent part, as follows:

> 30(a).  This Trust Fund shall at all times be administered by Trustees, even in number, one-half of whom shall be representatives of the Employees ("Union Trustees") and one-half of whom shall be representatives of the Employers ("Employer Trustees").  There are presently six (6) Trustees

> . . . .

The authority to appoint one Union Trustee each is vested in the following Unions:

- Operative Plasters' and Cement Masons' International Association, Local 143;
- Bricklayers, Stone Masons, Marble Masons, Tile Layers and Terrazzo Workers Local #8 – chapter 17;
- International Brotherhood of Painters and Allied Trades – Local #363.

(Amendment Document, p. 2.)

Plaintiffs' amended complaint alleges four counts, as follows:  (1) Count I alleges that Defendants' passage of the Resolution and Amendment No. 3 constituted an arbitrary, capricious, and ultra vires act.  Count II alleges that the passage of the Resolution and Amendment No. 3 redefines the term "Trustees" and fundamentally changes Paragraphs 36 and 39 of the Trust Agreement in violation of Paragraph 54 of the Trust Agreement which limits the Trustees' authority to amend the Trust Agreement.  As a result, Defendants failed to administer the Plan in accordance with the Trust Agreement in violation of Section 1104(a)(1)(D) of ERISA (29 U.S.C. § 1104(a)(1)(D)).  Count III alleges that Defendants breached their fiduciary duties by failing to operate the Plan in accordance with the Trust Agreement.  Count IV alleges that Defendants' passage of the Resolution and Amendment No. 3 violates the structural requirements of Section 305(c)(5) of the LMRA because it resulted in "the Fund no longer being a jointly administered employee benefit trust as required by 29 U.S.C. § 186(c)(5)."  (#8, ¶ 32.)

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the claim as true and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

### III.  Analysis

In their motion to dismiss Defendants argue as follows:  (1) the Court should dismiss the claim in Count I because ERISA preempts state law claims; alternatively, if the Court dismisses all federal claims, it should decline to exercise supplemental jurisdiction over the state law claim in Count I; (2) the Court should dismiss the claims in Counts I, II, and III of the amended complaint because the Trust Agreement authorized the Trustees to pass the Amendment; (3) the Court should dismiss the claims in Counts II and III because amending the Trust Agreement was not a fiduciary act; and (4) the Court should dismiss the claim in Count IV because the Court lacks jurisdiction to enjoin alleged defects in the structure of funds under the LMRA.

### 1.  Count I – Ultra Vires Act

In Count I of their amended complaint, Plaintiffs allege that Defendants acted beyond the authority conferred upon them by the Trust Agreement when they passed the Resolution and Amendment.  Defendants contend that the Court should dismiss Count I because ERISA preempts the state law claim alleged in Count I.

ERISA was enacted to ensure that the regulation of employee benefit plans would be uniform and exclusively a federal concern.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  Thus, it includes expansive preemption provisions.  *Id.*; *see* 29 U.S.C. § 1144. Specifically, ERISA preempts any state laws "insofar as they . . . relate to any employee benefit plan."  29 U.S.C. § 1144(a).  The Supreme Court in *Aetna* held that in light of these expansive preemption provisions, "any state-law cause of action that duplicates, supplements, or supplants" an ERISA claim is preempted.  *Aetna*, 542 U.S. at 209.

Here, Plaintiff's claim in Count I that Defendants acted outside their authority when they passed the Amendment is substantially similar to the claim in Count II, which alleges that Defendants' passage of the Amendment went beyond the Trustees' authority to amend as defined in Paragraph 54 of the Trust Agreement and thus violated the Trust Agreement and also violated ERISA, which requires fiduciaries to act "in accordance with the documents and instruments governing the plan."  29 U.S.C. § 1104(a)(1)(D).  Both counts allege that Defendants acted

without authority.  In addition, both counts pray for the same relief.  Thus Count I alleges a claim under state law that duplicates the claims in Count II.  As a result, Count I is preempted by ERISA and the Court recommends dismissing Count I with prejudice.

Defendants have raised other arguments for dismissing Count I.  Because the Court recommends dismissal based on preemption, it need not consider Defendants' other arguments regarding Count I.

### 2.  Count II – Failure To Administer the CIWF as required by the Trust Agreement

In Count II, Plaintiffs reallege the general allegations and the allegations in Count I.  In addition, they allege that the Resolution and the Amendment fundamentally changed Paragraphs 36 and 39 of the Trust Agreement in violation of the restrictions on amending stated in Paragraph 54 of the Trust Agreement.  As a result, Defendants violated ERISA's provision that fiduciaries must act "in accordance with the documents and instruments governing the plan" as provided in 29 U.S.C. § 1104(a)(1)(D), which is titled "Fiduciary duties."  Thus, the Court concludes that Plaintiffs intend Count II to allege a claim that Defendants violated their fiduciary duties by passing the Amendment because the Amendment was inconsistent with Paragraphs 36 and 39 of the Trust Agreement.

Defendants argue that the Court should dismiss Count II.  Specifically, they contend that they did not exceed their authority under Paragraph 54 because the Amendment does not alter the method of voting as set forth in Paragraphs 36, 39, and 41.  Specifically, the Amendment changes which Unions have authority to appoint Trustees but that change does not affect voting methods.  Plaintiffs do not respond to this contention in their memorandum.

Paragraph 54 grants the Board of Trustees broad powers to amend the Trust Agreement, but precludes amendments that:  (1) divert Fund assets for purposes not allowed by Paragraph 12 of the Trust Agreement; (2) create an unequal number of Employer Trustees and Union Trustees; (3) change the method of voting set forth in Paragraphs 36, 39, and 41; or (4) conflict with a collective bargaining agreement between the parties.  The Court notes that Count II alleges that

Defendants' passage of the Amendment violated Paragraph 54 with respect to the method of voting set forth in Paragraphs 36 and 39; it does not allege that the Amendment violated any of the other limits on amendment in Paragraph 54.  Accordingly, the Court limits its consideration of Defendant's motion to dismiss Count II to whether the Amendment violated Paragraph 54's prohibition on altering the method of voting as set forth in Paragraphs 36 and 39 of the Trust Agreement.

      Paragraph 36 states as follows:

> It is the intention hereof that the Fund shall at all times be administered by an equal number of Employer and Union Trustees, but in case of vacancy, until the appointment of a successor Trustee or Trustees, as hereinabove provided, the remaining Trustees shall have full power to act, provided that should such failure to immediately appoint a successor Trustee or Trustees result in there being less than an equal number of Employer or Union Trustees at any meeting of the Trustees, then the minority group Trustees shall be allowed the vote or votes of the absent Trustee or Trustees, so that the voting rights of minority group, Employer Trustees or Union Trustees, shall equal the majority.

Trust Agreement, ¶ 36.  Paragraph 39 states, in pertinent part, as follows:

> Any action taken by the Trustees pursuant to this Trust Agreement and Declaration of Trust shall be by majority vote of the Trustees attending a regular meeting of the Trustees.  A quorum for any such meeting shall be at least two (2) Employer Trustees and at least two (2) Union Trustees, except as provided in Paragraph 36.  Any and all actions taken at such regular meeting shall have the same force and effect as if taken by unanimous approval.

Trust Agreement, ¶ 39.  Both of these paragraphs address the mechanics of voting.  Although Paragraph 36 refers to the intent to have equal representation of Employer and Union Trustees, it focuses on describing a mechanism for achieving equal representation in the event that a vacancy leads to a temporary imbalance.

      The Amendment on its face does not affect the methods of voting set out in paragraphs 36 or 39.  The language of the Amendment does not change the procedure for addressing a vacancy in the position of trustee, nor does it change the numbers needed for a quorum or what is required for the Board to take action.  Instead, the Amendment changes who has the power to appoint Trustees.  Based on the language of the Amendment and the Trust Agreement, the Court

8

concludes that Plaintiffs have failed to state a claim that the Amendment violated Paragraph 54's prohibition against changing the method of voting set forth in Paragraphs 36 and 39.

Defendants also contend that the Court should dismiss Count II because amending the Trust Agreement was not a fiduciary act.  Plaintiffs agree that the *process* of amending constitutes a settlor function.  The United States Supreme Court has stated that "[plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries." *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996); *see Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 854 (7th Cir. 1997) (stating that when a court assesses whether a person can be held liable for breach of fiduciary duty, "a court must first ask whether that person is a fiduciary with respect to the particular activity at issue").  As a result, while other portions of ERISA govern plan amendments, the act of amending a plan does not trigger ERISA's fiduciary provisions. *Lockheed*, 517 U.S. at 891.  Thus, Plaintiffs cannot state a claim that Defendants' act of passing the Amendment constituted a breach of Defendants' fiduciary duties in violation of 29 U.S.C. § 1104 (a)(1)(D) which describes the duties of a fiduciary.  Accordingly, the Court recommends dismissing Count II with prejudice.

The Court notes that Plaintiffs contend that Defendants breached their fiduciary duty not when they amended the Plan, but when they *interpreted* the Amendment "in a manner that purports to effectuate the termination of the duly appointed Carpenter Union Trustees."  (#18, p. 5.)  As noted above, the Court reads Count II as aimed at Defendants' act of passing the Amendment, that is, modifying the Trust Agreement, while Count III is based on Defendants' interpretation and operation of the Amendment.  Thus, the Court will consider this argument in the next section.

### 3.  Count III

In Count III, Plaintiffs reallege Counts I and II, and allege that Defendants breached their fiduciary duties by failing to "operate the Plan" in accordance with the Trust Agreement (#8, ¶ 30).  Thus, Count III alleges a claim based on the interpretation or administration of the Amendment rather than the passage of the Amendment which is the subject of Count II.

Defendants argue that the Court should dismiss Count III because (1) Plaintiffs failed to state a claim based on the plain language of the Trust Agreement; and (2) amending the Trust Agreement was not a fiduciary act.

Plaintiff's memorandum states as follows:

> Clearly, then, by authorizing three entities to each appoint one Union Trustee while the current Board of Trustees includes two currently serving Union Trustees appointed by an entity other than the three entities set forth in Amendment 3, such Amendment 3 creates a Board of Trustees that will consist of three Employer Trustees and five Union Trustees.  Such amendment is expressly prohibited by ¶54.

(#18, p. 4.)  Thus, Plaintiffs contend that the Amendment created a Board of Trustees with five Union Trustees and three Employer Trustees, which they claim is prohibited by the Trust Agreement.  As noted above, the complaint does not specifically allege whether Plaintiffs were removed from their positions (and if so, when) or what their status as Trustees was after the Amendment became effective.  For purposes of responding to this argument, Plaintiffs apparently contend that the Amendment did not remove them as Trustees.  In Count III, Plaintiffs allege that Defendants breached their fiduciary duty by failing to operate the Plan in accordance with the Trust Agreement.  The Court reads that as alleging that the breach occurred when Defendants administered the Amendment in a manner prohibited by the Trust Agreement.

Defendants first contend that Plaintiffs failed to state a claim because the Amendment does not violate Paragraph 54 of the Trust Agreement.  This argument applies to Count II which expressly referred to Paragraph 54.  In Count III, Plaintiffs do not refer to Paragraph 54 except to the extent that they incorporate all previous allegations.  The Court has already addressed this argument with regard to Count II.

Defendants also contend that the Court should dismiss the claim for breach of fiduciary duty in Count III because amending the Trust Agreement constitutes a settlor function, not a fiduciary act.  *See Lockheed*, 517 U.S. at 890 (holding that employers or other plan sponsors are generally free under ERISA "to adopt, modify, or terminate welfare plans").  Thus, Defendants

contend, they were not subject to ERISA's fiduciary obligations when they passed the Amendment.

Plaintiffs agree that the *process* of amending constitutes a settlor function.  Nevertheless, they claim in Count III that Defendants breached their fiduciary duty when they *interpreted* the Amendment "in a manner that purports to effectuate the termination of the duly appointed Carpenter Union Trustees."  (#18, p. 5.)  Defendant does not address this argument.

A person cannot be liable for breach of fiduciary duty unless he is a fiduciary.  *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 60-61 (4th Cir. 1992).  A person can be a fiduciary for some purposes but not others.  *King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000).  Thus, when assessing whether a person can be held liable for breach of fiduciary duty, "a court must first ask whether that person is a fiduciary with respect to the particular activity at issue."  *Plumb*, 124 F.3d at 854.  ERISA defines fiduciary duties as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Here, the act at issue is the manner in which Defendants interpreted the Amendment.  That conduct falls within the category of exercising discretionary authority or discretionary control respecting management of the plan or having discretionary authority or discretionary responsibility in the administration of such plan.  *See* 29 U.S.C. § 1002(21)(A).  Therefore, the act of interpreting or administering the Amendment implicates Defendants' fiduciary duties.

Here, Plaintiffs allege in Count III that Defendants breached their fiduciary duties by "failing to operate the Plan in accordance with the instrument governing the plan."  (#8, ¶ 30.)  Based on liberal notice pleading standards, Plaintiffs have adequately stated a claim in Count III

11

that Defendants' interpretation and administration of the Amendment breached their fiduciary duties.  Accordingly, the Court recommends denying the motion to dismiss Count III.

### 4.  Count IV – Violation of the Strictures of the Labor Management Relations Act

In Count IV, Plaintiffs allege that the Resolution and Amendment violate the structural requirements of the LMRA in that they "effectively resulted in [CIWF] no longer being a jointly administered employee benefit trust . . . ."  (#8, ¶ 32.)  Defendants argue that the Court should dismiss Count IV because the Court lacks jurisdiction to enjoin defects in the structure of funds under the LMRA.  In addition, Defendants contend that at all times the CIWF has been administered by six Trustees.  The latter argument constitutes a factual assertion that may be inconsistent with Plaintiffs' allegations.  At the motion to dismiss stage, the Court cannot consider factual disputes; it must accept as true all well-pleaded allegations.

In support of their contention that the Court lacks jurisdiction to address Count IV, Defendants cite *Local 144 Nursing Home Pension Fund v. Demisay,* 508 U.S. 581 (1993), which addressed the issue of district court jurisdiction over unequal representation claims brought pursuant to the LMRA.  This Court, like the Supreme Court, begins its consideration of LMRA jurisdiction by first looking at the overall structure of the statute.  Subsection (a) prohibits an employer from, *inter alia*, making payments to any representative of its employees, including the employees' union and union officials.[1]  Paragraph (b)(1) is the reciprocal of subsection (a) and

---

[1]Sections 302 (a) and (b) provide in pertinent part:

> (a) . . . It shall be unlawful for any employer or association of employers . . . to pay, lend, or deliver . . . any money or other thing of value –  (1) to any representative of any of his employees who are employed in an industry affecting commerce; or (2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer . . . .

> (b) . . . (1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section.

12

prohibits employee representatives from receiving payments prohibited by subsection (a). Subsection 302(c)[2] provides exceptions to the prohibitions outlined in subsections (a) and (b). "Most significantly for our purposes, paragraph (c)(5) excepts payments to an employee trust fund so long as certain conditions are met" (*Demisay*, 508 U.S. at 586), including the condition that the employees and employers be equally represented in the administration of the fund (29 U.S.C. § 186(c)(5)(B)).  *Demisay*, 508 U.S. at 585-86.

Section 302(e) grants district courts jurisdiction to enjoin violations of the statute, stating as follows:

> (e) The district courts of the United States and the United States courts of the Territories and possessions shall have jurisdiction, for cause shown, and subject to the provisions of section 381 of title 28 (relating to notice to opposite party) to restrain violations of this section, without regard to the provisions of section 17 of title 15 and section 52 of this title, and the provisions of chapter 6 of this title.

29 U.S.C. § 186(e).  The Supreme Court has stated that, "[b]y its unmistakable language,

---

29 U.S.C. § 186(a, b).  Thus, a violation of Section 302(e) occurs "not when funds are administered by the trust fund, but when they are paid, lent, or delivered to the trust fund, § 302(a), or when they are received or accepted by the trust fund, or requested or demanded for the trust fund, § 302(b)(1)."  *Demisay*, 508 U.S. at 588 (citations omitted).

[2]Section 302(c) provides, in pertinent part, as follows:

> The provisions of this section shall not be applicable (1) in respect to any money or other thing of value payable by an employer to any of his employees . . . (2) with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment . . . (3) with respect to the sale or purchase of an article or commodity. . . (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization . . . (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents . . . Provided, That . . . (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund . . . .

29 U.S.C. § 186(c).

§ 302(e) provides district courts with jurisdiction 'to restrain violations of this section.'  A 'violation' of § 302 occurs when the substantive restrictions in §§ 302(a) and (b) are disobeyed . . . ."  *Demisay*, 508 U.S. at 587-88.

In *Demisay*, the employers sued trustees under the LMRA on the basis that the trustees' conduct of transferring money from one fund to another was inconsistent with Section 302(c)(5) because the transfer was not for "sole and exclusive benefit of the employees."  The Supreme Court concluded as follows:

> We hold today that § 302(e) does not provide authority for a federal court to issue injunctions against a trust fund or its trustees requiring the trust funds to be administered in the manner described in § 302(c) . . . .  The trustee's failure to *comply* with these latter purposes [(the purposes described in 302(c)(5)(A))] may be a breach of their contractual or fiduciary obligations and may subject them to suit for such breach; but it is no violation of § 302.

 *Id.* at 587-88.

In summary, district courts may enjoin violations of the LMRA, that is, those acts proscribed in Sections 302(a) or (b).  However, a "violation" of the LMRA does not occur when funds are administered in a manner inconsistent with Section 302(c)(5).  Instead, the requirement that a fund be equally represented by Employer and Union Trustees constitutes a prerequisite for qualifying for the exceptions contained in Section 302(c).  Therefore, the LMRA's jurisdictional reach does not include district court jurisdiction to adjudicate issues arising under Section 302(c)(5).  To put it more simply, a district court has jurisdiction to enjoin acts that the LMRA makes unlawful in Sections 302(a) or (b), but it does not have jurisdiction to enjoin conduct that might cause a fund to lose its exempt status under Section 302(c)(5).

Here, as in *Demisay*, Plaintiffs do not contend that the Amendment violated Sections 302(a) or (b) of the LMRA.  Instead, they contend that Defendants "violated" Section 302(c)(5) when they passed the Amendment because the Amendment resulted in unequal representation.  Section 302(c) provides, in pertinent part, as follows:

14

> The provisions of this section shall not be applicable . . . *Provided,*
> That . . . (B) the detailed basis on which such payments are to be made is
> specified in a written agreement with the employer, and *employees and employers*
> *are equally represented in the administration of such fund . . . .*

29 U.S.C. § 186(c) (emphasis added).  As noted above, Section 302(c) describes exceptions to the prohibitions outlined in 302(a) and (b), but it does not outline anything that constitutes a "violation of this section" (29 U.S.C. § 186(e)) pursuant to the requirements for district court jurisdiction outlined in Section 302(e).  Therefore, the Court concludes that it lacks jurisdiction to address claims such as the one Count IV which alleges that the Amendment resulted in the Fund no longer being equally represented by Union and Employer Trustees as required by Section 302(c)(5).  Accordingly, the Court recommends dismissing Count IV with prejudice.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief **(#11)** be **GRANTED** with prejudice as to Counts I, II, and IV and **DENIED** as to Count III.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 21st day of July, 2006.

_____ s/ DAVID G. BERNTHAL _____
U.S. MAGISTRATE JUDGE